21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janette KENT, Plaintiff-Appellant,
v.
Milton BROWN; John Berman; Norman Lindstedt; David Buono;
Martha Hicks; Lee Johnson; Joseph Ceniceros;
James Ellis; Donald Londer; Joan
O'Neill, Defendants-Appellees.
 No. 93-35256.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 30, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Janette Kent appeals pro se the district court's dismissal of her civil rights action alleging deprivation of property without due process. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 The dispute underlying this action arises from the probate in Oregon state court of the estate of Donald Kettleberg. Kettleberg died intestate in 1985, and Kent subsequently established that she was the sole beneficiary of his multi-million dollar estate. In 1992, dissatisfied with the state courts' decisions regarding the estate, Kent filed this action against four state court judges, five private attorneys, and an attorney for the Oregon State Bar. Kent's complaint alleged that the defendants had conspired to deprive her of property rights in the estate. The district court entered judgment in favor of the defendants; this appeal followed.
 
 II
 Private Attorney Defendants
 
 5
 Kent contends that the district court erred by dismissing her claims against defendants Brown and Lindstedt.[1] We disagree.
 
 
 6
 In 1990, Kent filed an action in federal court against Brown and Lindstedt alleging that they had violated federal and state racketeering laws in their administration of the Kettleberg estate. Judgment was entered in favor of the defendants. Kent v. Brown, No. CV-90-526-MA (D.Or. March 19, 1991). Accordingly, Kent's attempt to relitigate her claims against Brown and Lindstedt in the guise of a civil rights action is barred by res judicata. See Montana v. United States, 440 U.S. 147, 153 (1979) (under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties ... based on the same cause of action"); Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988) (res judicata "prevents litigation of all grounds for ... recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceedings") (quotation omitted).
 
 III
 Judicial Defendants
 
 7
 Kent argues that the district court erred by granting summary judgment in favor of state court judge Johnson.[2] We reject this argument. Kent presented no evidence to support her allegations that Judge Johnson participated in a conspiracy to deprive her of property rights. Accordingly, because Kent failed to show that a genuine issue of material fact existed, the district court correctly granted summary judgment in favor of Judge Johnson. See T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987) (to withstand a summary judgment motion, the non-moving party "must produce at least some significant probative evidence tending to support the complaint") (quotation omitted); Fed.R.Civ.P. 56(e) (in responding to a summary judgment motion, non-moving party "must set forth specific facts showing that there is a genuine issue for trial"). Moreover, to the extent that Kent's complaint seeks to challenge judicial decisions made by Judge Johnson during the state court probate proceedings, he is immune from damages. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) ("[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts").
 
 IV
 Defendant Hicks
 
 8
 Kent's complaint also named as a defendant Martha Hicks, an Assistant Disciplinary Counsel for the Oregon State Bar. The complaint alleged that Hicks conspired to violate Kent's right to due process by failing to investigate fully complaints of professional misconduct that Kent had filed against attorneys Brown and Lindstedt. The district court granted Hicks's motion for summary judgment and awarded her attorney's fees under 42 U.S.C. Sec. 1988. In her briefs on appeal, Kent does not challenge this portion of the district court's decision. Accordingly, we affirm the district court's judgment in favor of Hicks.
 
 
 9
 Pursuant to 42 U.S.C. Sec. 1988, Hicks seeks an award of attorney's fees and costs for this appeal. Because we find that Kent's action against Hicks was unreasonable and lacked any foundation, we grant Hicks's request for attorney's fees and costs. See Hughes v. Rowe, 449 U.S. 5, 14 (1980) (per curiam) (fees can be awarded to a prevailing defendant if the court finds that the plaintiff's action was frivolous, unreasonable, or without foundation).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kent's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The complaint also named as defendants attorneys Berman, Buono, O'Neill. On appeal, Kent does not challenge the district court's dismissal of her claims against them
 
 
 [2]
 The complaint also named as defendants state court judges Londer, Ceniceros, and Ellis. On appeal, Kent does not challenge the district court's grant of summary judgment in their favor